Chief Justice Robertson
delivered the Opinion of the Court..
On a fieri facias in favor of Wilson, against Percival, the sheriff returned, that he had levied on enumerated articles of personal estate, on a slave, and on “all the land said Percival holds title to in Hardin county, quantity not precisely'known.”
On a venditioni exponas which was issued, the officer returned, that he had sold “all the land which the said James Percival held title to in Hardin county, in the following manner: — I first oifered for sale the whole . oí the lands owned or claimed by said Percival, lying in Hardin county, and after the amount of the execu *420 tion was bid, I then cried it to him who would agree to take the least quantity of land, and pay the debt. After several bids, Horace Percival became the purchaser of one fifth of all said Percival’s interest, undivided, according to quality and quantity, for the sum of two hundred and thirty four dollars and eighty one cents.”
The land wras sold on a credit of three months, and the purchaser (who was the son of the defendant in the execution,) gave his bond to Wilson (with two sureties,) for the amount- bid for the interest which he bought.
Upon the motion of James Percival, the circuit court, from- whose office the execution emanated, quashed the sale; and at a subsequent day of the same term, quashed the sale bond, on the motion of the principal obligor— Horace Percival.
As the grounds for quashing the sale appeared on the return upon the execution, all persons who were interested on the- record were parties to the motion to quash. Wilson might have prosecuted a writ of error; but, not having done so, the order quashing the sale is conclusive.
The sale having been set aside, the sale bond was thereby invalidated; and its quashal also, on motion, was a natural and legal consequence. And therefore, as long as the order quashing the sale is unreversed, an enquiry' into the presumed motives of James and Horace Percival would be unprofitable. Nor is it necessary to en-quire whether Horace Percival should have been permitted to object to the validity of his bond, in consequence of a sale of a joint and undivided interest in all his father’s undescribed lands in Hardin county, had not the father himself procured the quashal of the sale.
Wilson will be remitted to his judgment unaffected by the invalidation of the sale and sale bond.
The order quashing the bond, therefore, must be affirmed.